NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0940n.06

No. 14-5269

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Dec 19, 2014
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff-Appellee, | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE EASTERN DISTRICT OF |
| JIMMY L. JOHNSON, | ) TENNESSEE |
| | ) |
|     Defendant-Appellant. | ) |

BEFORE: McKEAGUE, KETHLEDGE, and ALARCÓN, Circuit Judges.[*]

PER CURIAM. Jimmy L. Johnson, a federal prisoner, appeals through counsel his conviction of conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine.

Johnson entered a guilty plea to the above reduced charge in 2013. The original charge would have subjected him to a mandatory life sentence due to his six prior drug convictions. Other charges were also dismissed under the plea agreement. This charge had a mandatory minimum ten-year sentence, but the government moved for a downward departure based on Johnson's substantial assistance, and he was sentenced to 84 months of imprisonment.

---

[*]The Honorable Arthur L. Alarcón, Circuit Judge for the United States Court of Appeals for the Ninth Circuit, sitting by designation.

In his brief on appeal, Johnson argues that his plea was involuntary due to ineffective assistance of counsel. He contends that his attorney threatened him with a life sentence and did not investigate his innocence.

The voluntariness of a guilty plea is reviewed de novo. *United States v. Dixon*, 479 F.3d 431, 434 (6th Cir. 2007). Johnson contends that his plea was involuntary due to ineffective assistance of counsel. Claims of ineffective assistance of counsel are not addressed on direct appeal unless the underlying facts are apparent on the record. *United States v. Wells*, 623 F.3d 332, 348 (6th Cir. 2010).

Nothing in the record below gives any indication that Johnson's plea was anything other than voluntary. Johnson was subject to a mandatory life sentence under the original charge, and counsel would have been ineffective if he had not informed Johnson of that fact. There is also nothing in the record to support Johnson's claim that his counsel failed to investigate his innocence. In fact, the record shows that Johnson admitted that the government had intercepted a telephone call in which he gave a co-defendant the contact information for a source of cocaine. Counsel is presumed to have provided effective assistance, and it is the defendant's burden to show a denial of effective assistance. *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003). Due to the lack of any evidence in support of this aspect of Johnson's claim, it cannot be addressed in this appeal.

Accordingly, the district court's judgment is affirmed.